UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDREW WEARY (#100956)                                      CIVIL ACTION

VERSUS

WARDEN N. BURL CAIN, ET AL.                                 NO. 10-0577-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 3, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ANDREW WEARY (#100956)**                                         **CIVIL ACTION**

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                                    **NO. 10-0577-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Warden Chad Menzina, Classification Officer Donald Cavalier and an unidentified "John Doe" defendant in the LSP mailroom, alleging that on February 15, 2010, defendant Cavalier and an unidentified mailroom clerk altered mail addressed by the plaintiff to this Court. Specifically, the plaintiff asserts that he addressed an envelope containing his federal habeas corpus application to this Court, but the defendants altered the mailing address so that the envelope was forwarded instead to the state district court. The plaintiff complains that, as a result, when the state court returned his mail to him two months later, the one-year limitations period applicable to his federal habeas corpus claims may have elapsed. The plaintiff prays for monetary damages, for an investigation into his complaints of wrongdoing, and for the defendants to be charged with criminal misconduct.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. Green v. McKaskle, supra.

Applying this standard in the instant case, the Court concludes that the plaintiff's Complaint fails to state a claim upon which relief may be granted.  In this regard, in order for the plaintiff to state a violation of his constitutional right to meaningful access to the courts under the First Amendment, he must allege that he has suffered some cognizable legal prejudice or detriment as a result of the challenged conduct.  Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987).  See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  In the instant case, although the plaintiff complains that the defendants, by their actions, have caused his federal habeas corpus application to be potentially untimely, the record does not bear this out.  Specifically, it appears that the plaintiff ultimately filed his habeas corpus application in this Court on June 17, 2010, see Andrew Weary v. N. Burl Cain, et al., Civil Action No. 10-0412-JVP-SCR (M.D. La.), and the application was subsequently transferred to the Eastern District of Louisiana where it is currently pending in that venue, see Andrew Weary v. N. Burl Cain, et al., Civil Action No. 10-1793 (E.D. La.).  In the Eastern District Court, the State of Louisiana has filed a response to the petitioner's application and has asserted therein that the petitioner's application is time-barred, not by reason of his late-filed application in this Court, but rather due to the passage of more than a year between the finality of the plaintiff's conviction in May, 2007, and his filing of a post-conviction relief application in state court in June, 2008.  The State's response to the petitioner's habeas corpus application specifically assumes that the date of filing of the petitioner's federal habeas corpus application is the date that he originally signed his application and initially attempted to mail it to this Court in February, 2010 (apparently applying the "mailbox rule" set forth in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).  Accordingly, the petitioner has suffered no prejudice in fact as a result of the defendants' alleged alteration of the address on the plaintiff's envelope addressed to this Court in February, 2010.  Therefore, there is no alleged wrongdoing sufficient to support a claim under § 1983.

The plaintiff also seeks to have criminal proceedings instituted against the defendants for their alleged tampering with the plaintiff's legal mail and requests that an investigation be conducted into his allegations.  Neither the plaintiff nor this Court, however, has authority to commence a criminal

prosecution. See Lopez v. Robinson, 914 F.2d 486 (4th Cir. 1990), citing Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Further, prosecutorial discretion does not reside in the judicial branch, and the decision whether or not to prosecute, and what charges to file or bring, generally rests within the sole discretion of the federal or state prosecutor. Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Finally, the plaintiff is not legally entitled to an investigation into his complaints nor to a favorable response to his administrative grievances. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). And the United States District Court lacks jurisdiction to review actions in the nature of a claim of mandamus to compel state officers or employees to perform duties owed to the plaintiff, such as to compel prison officials to investigate the plaintiff's complaints of wrongdoing on the part of security officers. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D. Mont. 1986); 28 U.S.C. § 1361. Accordingly, the plaintiff is not entitled to the relief requested in this regard, and his claims asserted in this proceeding should be dismissed.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as frivolous and for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915(e).[1]

Signed in Baton Rouge, Louisiana, on November 3, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."